IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-03500-RM-SKC

MIKE BOULTER,
BOULTER, LLC,
RALPH NIX PRODUCE, INC., and
BARCLAY FARMS, LLC, on behalf of themselves and classes of similarly situated persons,

    Plaintiffs,

v.

NOBLE ENERGY, INC., and
KERR-MCGEE OIL & GAS ONSHORE, LP,

    Defendants.

---

## ORDER
---

    Before the Court is Defendants' Joint Motion to Dismiss (ECF No. 20), seeking dismissal of Plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim. The Motion is granted for the reasons below.

    Plaintiffs concede that that their previously dismissed complaint in Case No. 21-cv-01346-RM-KLM ("*Boulter II*") contained allegations substantially identical to the claims alleged in their current Class Action Complaint (ECF No. 1). The claims and allegations in *Boulter II* were in turn substantially identical to those asserted in Case No. 21-cv-00861-WJM-KLM ("*Boulter I*").

    In *Boulter I*, United States District Judge William J. Martinez dismissed Plaintiffs' claims based on alleged untimely royalty payments because Plaintiffs failed to exhaust their

administrative remedies before the Colorado Oil and Gas Conservation Commission ("COGCC"). As a matter of law, the COGCC must determine in the first instance whether a claimant seeking such royalty payments has shown a bona fide dispute of contract interpretation that takes the matter out of the COGCC's exclusive jurisdiction. *See* Colo. Rev. Stat. § 34-60-118.5(5.5) ("Before hearing the merits of any proceeding regarding of payment of proceeds pursuant to this section, the [COGCC] shall determine whether a bona fide dispute exists regarding the interpretation of a contract defining the rights and obligations of the payer and payee."). Contrary to Plaintiffs' arguments, the 1998 amendments to the Colorado Oil and Gas Conservation Act did not end the COGCC's exclusive jurisdiction over this dispute. "[T]he 1998 amendments do not evidence a change in the legislature's intent regarding the primacy of the [COGCC's] jurisdiction over disputes like this one." *Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 30. "To allow parallel judicial proceedings on these same issues, rather than giving the [COGCC] the first opportunity to decide them, would go against the legislative intent revealed by the Act's declaration, language, and administrative processes." *Id.* at ¶ 32 (citations omitted).

In *Boulter* II, this Court declined to allow Plaintiffs a second bite at matters already determined by Judge Martinez.

Here, the Court declines to allow Plaintiffs a third bite because their arguments are not new, and nothing of significance has changed. In their Response (ECF No. 21), Plaintiffs assert that they are now in the process of exhausting their administrative remedies. But that does not render the exhaustion requirement satisfied. Nor does their contention that exhaustion will be

futile.  Once again, Plaintiffs have chosen to refile their case in this Court.  Once again, their efforts have found futility.

For the reasons stated above, Defendants' Joint Motion (ECF No. 20) is GRANTED, Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE, and the Clerk is directed to CLOSE this case.

DATED this 27th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge